...

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MICHAEL JOHNSON,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. 4:14-CV-3309 |
| | § | |
| **HARTFORD LIFE & ACCIDENT** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| Defendant. | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**

1. **State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.**

   The conference took place by phone on February 13, 2015.  Anthony Vessel, counsel for Plaintiff, and Bridget Vick, counsel for Hartford, participated in the conference.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   None.

3. **Briefly describe what this case is about.**

   Plaintiff sues under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a), to recover additional long-term disability ("LTD") benefits under an employee welfare benefit plan established and maintained by his former employer Sysco Corporation (the "Plan").  Hartford issued a group policy of insurance to Sysco, which funds LTD benefits payable under the terms of the Plan and provides certain claims administrative services to the Plan.  Plaintiff was initially granted LTD benefits under the Plan, because Hartford determined that Plaintiff met the definition of "Disability" under the terms of the Plan. After twelve months, the Plan requires Plaintiff to be disabled from "any occupation" to continue to meet the definition of "Disability" in the Plan.  By letter dated July 16, 2013, Hartford notified Plaintiff of its determination that Plaintiff no longer met the definition of "Disability" under the terms of the Plan as of July 3, 2013, and therefore, his LTD benefits were terminated.  Plaintiff disputes that determination and seeks to recover LTD benefits beyond that date.

4.  **Specify the allegation of federal jurisdiction.**

    This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1). This Court also has federal diversity jurisdiction pursuant to 28 U.S.C. § 1332.

5.  **Name the parties who disagree and the reasons.**

    None.

6.  **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

    None anticipated at this time.

7.  **List anticipated interventions.**

    None anticipated at this time.

8.  **Describe class-action issues.**

    None anticipated at this time.

9.  **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

    The parties will serve initial disclosures by March 10, 2015.

10. **Describe the proposed agreed discovery plan, including:**

    A.  **Responses to all the matters raised in Rule 26(f).**

        (i)   The parties will make initial disclosures by March 10, 2015.

        (ii)  Discovery can be completed by September 4, 2015.

        (iii) <u>Plaintiff's Contentions</u>:

              The Supreme Court recognized in *Metropolitan Life Insurance Co. v. Glenn* that when "a plan administrator both evaluates claims for benefits and pays benefits claims," it creates a structural conflict of interest. 554 U.S. 105, 128 S. Ct. 2348, 171 L. Ed. 2d 299 (2008).

              The level of conflict can be considered by the Court when applying the standard of review.

It is Plaintiff's contention that discovery is permissible on "the existence <u>and</u> extent of a conflict of interest created by a plan administrator's dual role in making benefits determinations and funding the plan." Further, discovery is permissible regarding the "completeness of the administrative record [and] whether the plan administrator complied with ERISA's procedural regulations." *Crosby v. Louisiana Health Service*, 647 F.3d 263 (5th Cir. La., 2011). In using the words "existence <u>and</u> <u>extent</u> of a conflict of interest" plaintiff contends that the individual conflict of interest of the administrator's employees, agents and consultants are discoverable as well.

(iv) Hartford's Contentions:

Hartford contends that Plaintiff's characterization of discovery permitted in ERISA cases is inaccurate. First, under ERISA jurisprudence, judicial review of the claims determinations at issue in this case is confined to the administrative record. *See Vega v. Nat'l Life Ins. Servs.*, 188 F.3d 287, 299-300 (5th Cir. 1999); *Meditrust Fin. Servs. Corp. v. Sterling Chems., Inc.*, 168 F.3d 211, 215 (5th Cir. 1999) (citing *Wildbur v. Arco Chem. Co.*, 974 F.2d 631, 635 (5th Cir. 1992)). In the Fifth Circuit's en banc *Vega* decision, the Court stated, " . . .with respect to material factual determinations--those that resolve factual controversies related to the merits of the claim--the court may ***not*** consider evidence that is not part of the administrative record." 188 F.3d at 300 (emphasis added). Accordingly, discovery on any disputed fact on which Hartford relied is unnecessary and inappropriate. *See id.* The purpose of confining the district court's review to the evidence presented to the plan administrator is to promote ERISA's goal of prompt and efficient claims resolution by plan fiduciaries.

Second, in *Glenn*, the Supreme Court held that when an ERISA plan administrator both funds the plan and evaluates the claims, it is operating under a conflict of interest that must be considered on judicial review of a benefit determination. In addressing how the conflict should be taken into account, the Court acknowledged its well-established principle that "[i]f 'a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict must be weighed as a 'factor in determining whether there is an abuse of discretion.'" *Glenn*, 128 S. Ct. at 2348 (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)). The Court clarified that the standard of review does not change to *de novo* nor does it require special burden-of-proof, procedural or evidentiary rules. Ultimately, the conflict is just a factor that the courts should weigh in determining the adequacy of the administrative record's support for the administrator's decision. *Id.* at 2352. And contrary to Plaintiff's assertion, "[t]he relationship between Hartford and [third parties] is ***irrelevant*** to the determination of whether Hartford, as the decision maker, was conflicted . . . . ." *Pylant v. Hartford Life & Accident*

-3-

*Insurance Co.*, No. 3:05-CV-0379-G, 2010 WL 3247314, at *6 (N.D. Tex. Nov. 9, 2006) (emphasis added).

Lastly, although *Crosby* held that certain, limited matters may be discoverable under Rule 26(b), the scope remains tailored to narrow circumstances, such as "the completeness of the administrative record; whether the plan administrator complied with ERISA's procedural regulations; and the existence and extent of a conflict of interest created by a plan administrator's dual role in making benefits determinations and funding the plan." *See Crosby*, 647 F.3d at 263 (citations omitted). As the Tenth Circuit explained, ERISA's policy favoring expeditious resolution of claims still necessitates limits even on "discoverable" matters in an ERISA benefits claim under Rule 26(b). *See Murphy v. Deloitte & Touche Group Ins. Plan*, 619 F.3d 1151, 1162-64 (10th Cir. 2010). In all ERISA cases, like all other cases, Rule 26(b) protects against "overly burdensome discovery requests, discovery of cumulative materials, and overly costly discovery requests." *Id.* at 1163. Thus, even where there is an alleged conflict of interest in an ERISA case, "Rule 26(b) will not permit unlimited discovery." *Id.* The court must always consider the necessity of discovery and whether the costly burdens of discovery are outweighed by its benefits. *Id.* To the extent discovery is allowed, Hartford contends that is should be extremely limited in accordance with the guiding principles of ERISA benefits litigation.

(v) At this time there are no issues relating to the disclosure or discovery of electronically stored information that need to be addressed by the Court. The parties will provide paper copies of any discoverable electronic data that they agree to produce.

(vi) At this time, there are no issues relating to claims of privilege or of protection as trial-preparation materials that need to be addressed by the Court. The parties agree to serve any objections or claims of privilege in response to a party propounding discovery in accordance with the Federal Rules of Civil Procedure. The parties further agree that a privilege log need not be provided until the party claiming privilege receives a written request for one. Once a written request for a privilege log is received, the party asserting the claim of privilege must provide a privilege log within twenty-one (21) days of receipt of the written request, unless the parties agree otherwise in writing.

**B.   When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff will send interrogatories to Defendant within 60 days.

**C.   When and to whom the defendant anticipates it may send interrogatories.**

    Hartford contends that interrogatories are inappropriate in this ERISA lawsuit and should not be allowed under Fifth Circuit authority. Subject to and without waiving its contentions regarding limitations on discovery, as set forth above, Hartford may send interrogatories to Plaintiff, if necessary, after reviewing Plaintiff's initial disclosures. Such discovery will be completed by September 4, 2015.

**D.**     **Of whom and by when the plaintiff anticipates taking oral depositions.**

    Unknown at this time. Plaintiff will be in a better position to make this decision once written discovery is complete. Such discovery can be complete by September 4, 2015.

**E.**     **Of whom and by when the defendant anticipates taking oral depositions.**

    Hartford contends that depositions are inappropriate in this ERISA lawsuit and should not be allowed under Fifth Circuit authority. Subject to and without waiving its contentions regarding limitations on discovery, as set forth above, Hartford may take the deposition of Plaintiff and Plaintiff's experts, if any, after written discovery. Such depositions will be completed by September 4, 2015.

**F.**     **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

    Plaintiff will designate experts and provide any expert reports required under Rule 26(a)(2)(B) by July 1, 2015.

    Hartford will designate experts and provide any expert reports required under Rule 26(a)(2)(B) by July 29, 2015.

**G.**     **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

    Plaintiff may depose Defendant's experts as necessary by September 4, 2015.

**H.**     **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

    Hartford contends that depositions are inappropriate in this ERISA lawsuit and should not be allowed under Fifth Circuit authority. Subject to its contentions regarding limitations on discovery, as set forth above, Hartford may depose Plaintiff's experts, if any. Such depositions will be completed by September 4, 2015.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

 Except as set forth in paragraph 10(A)(iii) and (iv) above, all parties are in agreement.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

 None.

13. **State the date the planned discovery can reasonably be completed.**

 September 4, 2015

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

 The parties are currently discussing the possibility of settlement.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

 The parties are currently discussing the possibility of settlement.

16. **From the attorney's discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

 At this time, the parties do not believe that any formal ADR is appropriate in this case. Mediation may be appropriate at a later date, after the case has progressed, however, if informal settlement discussions are unsuccessful.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

 The parties do not consent to trial before a United States Magistrate Judge at this time.

18. **State whether a jury demand has been made and if it was made on time.**

 No jury demand has been made.

19. **Specify the number of hours it will take to present the evidence in this case.**

 Hartford asserts that the case should be tried on the Administrative Record under *Vega,* 188 F.3d at 299-300, and may be decided on the written record and briefing. The Fifth Circuit has explained that a court's "review of an ERISA benefits determination is essentially analogous to a review of an administrative agency decision." *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011).

 Plaintiff contents that it will take 8-10 hours to present the evidence in this case.

-7-

**20.** **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

None.

**21.** **List other motions pending.**

None.

**22.** **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

None other than described in paragraphs 10(A)(iii) and (iv) above.

**23.** **Certify that all parties have filed Disclosures of Interested Parties as directed in the Order of Conference and Disclosure of Interested parties, listing the date of filing for original and any amendments.**

Plaintiff filed his certificate of interested parties on December 8, 2014. Hartford filed its certificate of interested parties on January 22, 2015.

**24.** **List the names, bar numbers, addresses and telephone numbers of all counsel.**

*Attorneys for Plaintiff Michael Johnson*:

Marc S. Whitehead
State Bar No. 00785238
Valerie Norwood
State Bar No. 24062921
J. Anthony Vessel
State Bar No. 24084019
Marc Whitehead & Associates, Attorneys at Law, LLP
5300 Memorial Drive, Suite 725
Houston, Texas 77007
(713) 228-8888
(713) 225-0940 – Fax

*Attorneys for Defendant Hartford Life and Accident Insurance Company*:

Mitchell A. Reid
State Bar No. 24037346
Bridget B. Vick
State Bar No. 24069444
Andrews Kurth LLP
600 Travis, Suite 4200
Houston, Texas 77002
(713) 220-4200
(713) 220-4285 – Fax

-8-

        Respectfully submitted,

By: <u>s/Anthony Vessel</u>*
      Marc S. Whitehead
      State Bar No. 00785238
      Valerie Norwood
      State Bar No. 24062921
      J. Anthony Vessel
      State Bar No. 24084019
      MARC WHITEHEAD & ASSOCIATES,
      ATTORNEYS AT LAW, LLP
      5300 Memorial Drive, Suite 725
      Houston, Texas 77007
      (713) 228-8888
      (713) 225-0940 – Fax

*signed by permission Mitchell A. Reid

**ATTORNEYS FOR PLAINTIFF MICHAEL JOHNSON**

By: <u>s/Mitchell A. Reid</u>
      Mitchell A. Reid
      State Bar No. 24037346
      S.D.O.T. No. 34728
      Bridget B. Vick
      State Bar No. 24069444
      S.D.O.T. No. 1061856
      ANDREWS KURTH LLP
      600 Travis, Suite 4200
      Houston, Texas 77002
      (713) 220-4200
      (713) 220-4285 – Fax

**ATTORNEYS FOR DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY**

-9-

## **CERTIFICATE OF SERVICE**

   I hereby certify that on February 24, 2015, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who are known " Filing Users:"

  Marc S. Whitehead
  *marc@marcwhitehead.com*

  Valerie Norwood
  *valerie@marcwhitehead.com*

  Anthony Vessel
  *anthony@marchwhitehead.com*

                <u>s/Mitchell A. Reid</u>
                Mitchell A. Reid

HOU:3528821.1